Mark H. Ralston
State Bar No. 16489460
Fishman Jackson Ronquillo PLLC
Three Galleria Tower
13155 Noel Road, Suite 700
Dallas, TX 75240
Telephone: (972) 419-5544
Facsimile: (972) 419-5500
E-mail: mralston@fjrpllc.com

Counsel for Debtor and Debtor-in-Possession
Completion Industrial Minerals, LLC

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

|  | § |  |
|---|---|---|
| IN RE: | § | Chapter 11 |
|  | § |  |
| **COMPLETION INDUSTRIAL** | § | **Case No. 17-43208-elm-11** |
| **MINERALS, LLC,** | § |  |
|  | § |  |
| **Debtor**. | § |  |

---

## DEBTOR'S PLAN OF LIQUIDATION

---

**DATED: May 26, 2019**

Ex. A

## <u>TABLE OF CONTENTS</u>

I. DEFINITIONS AND INTERPRETATION.................................................................1

    1.1. Rules of Interpretation ...............................................................1
    1.2. Definitions.................................................................................1

II. CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS..........................9

    2.1. Classification Generally..............................................................9
    2.2. Unclassified Claims ...................................................................9
    2.3. Classified Claims and Interests ..................................................9

III. PROVISIONS FOR THE TREATMENT OF UNCLASSIFIED CLAIMS...........9

    3.1. Administrative Claim Applications and Deadline ......................9
    3.2. Treatment of Allowed Administrative Claims..........................10
    3.3. Treatment of Professional Claims............................................10
    3.4. Administrative Tax Claims.......................................................11
    3.5 Secured Administrative Debt Claim ........................................11
    3.6 Section 505 ..............................................................................11

IV. PROVISIONS FOR THE TREATMENT OF CLASSIFIED CLAIMS; IDENTIFICATION OF IMPAIRED CLASSES............................................................11

    4.1. Class 1:   Priority Claims ..........................................................11
    4.2. Class 2:   Secured Tax Claims ...................................................11
    4.3. Class 3:   Secured Claims .........................................................12
    4.4. Class 4:   General Unsecured Claims ....................................... 13
    4.5. Class 5:   Equity Interests ........................................................ 13

V. MEANS FOR IMPLEMENTATION OF THE PLAN........................................13

    5.1. Liquidating Debtor...................................................................13
    5.2. Sale of Non-Cash Property ......................................................13
    5.3 Duties Regarding Non-Cash Property ......................................14
    5.4 Incorporation of Rule 9019 .....................................................14
    5.5 Rights Under Section 505 ........................................................14
    5.6 Automatic Stay.........................................................................14
    5.7 Incorporation of Exhibits ........................................................14
    5.8 Rejection of Executory Contracts ............................................14
    5.9. Establishment of Allowance, Classification, Priority, and Amount of Claims ........15

VI. ACCEPTANCE OR REJECTION OF PLAN.....................................................16

    6.1 Impairment Controversies........................................................16
    6.2 Classes and Claims Entitled to Vote........................................16

6.3 Class Acceptance Requirement.................................................................16
6.4 Cramdown................................................................................................16

VII. TREATMENT OF DISPUTED CLAIMS AND OBJECTIONS TO CLAIMS ..................16

7.1 Standing to Object to Claims ..................................................................16
7.2 Objection Deadline ..................................................................................16
7.3 Creditor Response to Objection ..............................................................16
7.4 No Waiver of Right to Object..................................................................17
7.5 Miscellaneous Provisions for Disputed Claims ......................................17
7.6 Allowance of Disputed Claims................................................................17
7.7 Amendments to Claims; Claims Filed After the Confirmation Date .........18
7.8 Distributions to Holders of Equity Interests ..........................................18

VIII. EFFECTS OF PLAN CONFIRMATION.........................................................18

8.1 No Discharge ...........................................................................................18
8.2 Plan Injunction........................................................................................18
8.3 No Liability for Solicitation or Participation.........................................19
8.4 General Release .......................................................................................19
8.5 Exculpation .............................................................................................19

IX. CONDITIONS PRECEDENT............................................................................20

9.1 Conditions Precedent to Confirmation and Effectiveness of Plan............20
9.2 Non-Occurrence of the Effective Date ...................................................20
9.3 Notice of the Effective Date ...................................................................20
9.4 Modification of this Plan .........................................................................20
9.5 Revocation or Withdrawal of this Plan...................................................20

X. RETENTION OF JURISDICTION AND CLAIMS .............................................21

10.1 Jurisdiction of Bankruptcy Court............................................................21
10.2 Failure of Bankruptcy Court to Exercise Jurisdiction............................22
10.3 No Creation of Jurisdiction.....................................................................22
10.4 Retention and Preservation of General Rights........................................22
10.5 Retention and Preservation of Specific Rights .......................................23

XI. MISCELLANEOUS PROVISIONS ....................................................................23

11.1 Payment of Statutory Fees ......................................................................23
11.2 Exercise of Liens.....................................................................................23
11.3 No Admissions.........................................................................................23
11.4 Plan Controls...........................................................................................23
11.5 Governing Law ........................................................................................23
11.6 Substantial Consummation of Plan .........................................................24
11.7 Successors and Assigns............................................................................24

11.8 Severability .................................................................................................24

11.9 Notices and Distributions...........................................................................24

11.10 Unclaimed Property ...................................................................................24

11.11 Binding Effect............................................................................................24

11.12 Withholding and Reporting.........................................................................24

11.13 Other Documents and Actions ...................................................................25

XII. CONFIRMATION REQUEST .............................................................................25

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| | § | |
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **COMPLETION INDUSTRIAL** | § | **Case No. 17-43208-elm-11** |
| **MINERALS, LLC,** | § | |
| | § | |
| **Debtor**. | § | |

## DEBTOR'S PLAN OF LIQUIDATION

Completion Industrial Minerals, LLC (the "**Debtor**" or "**CIM**") hereby proposes the following *Debtor's Plan of Liquidation* pursuant to the provisions of section 1121 of the Bankruptcy Code:

## ARTICLE I
## DEFINITIONS AND INTERPRETATION

    1.1   <u>Rules of Interpretation</u>.

    (i)   Unless otherwise specified, all Section, Article, and Exhibit references in this Plan are to the respective Section in, or Article of, this Plan, as the same may be amended, waived or modified from time to time. Words denoting the singular number shall include the plural number and *vice versa*. In construing this Plan, the rules of construction set forth in section 102 of the Bankruptcy Code shall apply.

    (ii)   In computing any period of time prescribed or allowed by this Plan, the provisions of Bankruptcy Rule 9006 shall apply.

    (iii)   Where a creditor or holder of any right under this Plan is named by name, the naming shall include any successor-in-interest to any right of the party.

    1.2   <u>Definitions</u>. Terms and phrases, whether capitalized or not, that are used and not defined in this Plan, but that are defined in the Bankruptcy Code, have the meanings ascribed to them in the Bankruptcy Code. Unless otherwise provided in this Plan, the following terms have the respective meanings set forth below, and such meanings shall be equally applicable to the singular and plural forms of the terms defined, unless the context otherwise requires.

    (a)   "**Administrative Claim**" means a Claim for any cost or expense of administration of the Bankruptcy Case under section 503(b) of the Bankruptcy Code, including, without limitation, any fees or charges assessed against the Estate pursuant to 28 U.S.C. § 1930, and further including a Professional Claim. For the avoidance of doubt,

Administrative Claims do not include Secured Tax Claims or the Secured Administrative Debt Claim.

(b) **"Administrative Claims Bar Date"** means the day that is thirty (30) days after the Effective Date.

(c) **"Administrative Tax Claim"** means any *ad valorem* tax claim assessed against, or payable by, the Debtor or the Estate or their property for or on account of tax year 2018 or 2019, specifically excluding Secured Tax Claims.

(d) **"Allowed"** as it relates to any type of Claim or Administrative Claim provided for under this Plan, means a Claim: (i) which has been scheduled as undisputed, noncontingent and liquidated in the Schedules in an amount other than zero or unknown, and as to which: (a) no proof of Claim has been timely filed, and (b) no objection has been timely filed (as determined by applicable deadlines contained in this Plan, including the Claims Objection Deadline or as to which the Liquidating Debtor has waived any objection by filing notice of same with the Bankruptcy Court); (ii) as to which a proof of Claim has been timely filed and either: (a) no objection thereto has been timely filed (as determined by applicable deadlines contained in this Plan, including the Claims Objection Deadline), or (b) such Claim has been allowed (but only to the extent allowed) by a Final Order of the Bankruptcy Court; (iii) which has been expressly allowed under the provisions of this Plan; or (iv) which has been expressly allowed by Final Order of the Bankruptcy Court.

(e) **"Allowed Administrative Claim"** means: (i) an Administrative Claim that has been Allowed (but only to the extent Allowed), if approval from the Bankruptcy Court is required in order to Allow the same; and (ii) an Administrative Claim which: (a) is incurred by the Debtor after the Petition Date in the ordinary course of business operations or pursuant to an order entered by the Bankruptcy Court granting automatic Administrative Claim status; (b) is not disputed by the Liquidating Debtor; and (c) does not require approval from the Bankruptcy Court to become Allowed.

(f) **"Allowed Priority Claim"** means a Priority Claim that has been Allowed (but only to the extent Allowed).

(g) **"Allowed Secured Claim"** means a Secured Claim that has been Allowed (but only to the extent Allowed).

(h) **"Allowed Unsecured Claim"** means an Unsecured Claim that has been Allowed (but only to the extent Allowed).

(i) **"Assets"** means any and all real or personal property of any nature, including, without limitation, any real estate, buildings, structures,

improvements, privileges, rights, easements, leases, subleases, licenses, goods, materials, supplies, furniture, fixtures, equipment, work in process, accounts, chattel paper, cash, deposit accounts, reserves, deposits, contractual rights, intellectual property rights, claims, Causes of Action and any other general intangibles of the Debtor or Liquidating Debtor, as the case may be, of any nature whatsoever, including, without limitation, all property of the Estate.

(j)     "**Available Cash**" means the Debtor's Cash on hand, including, without limitation, any proceeds received by the Debtor from the liquidation of the Remaining Assets, less amounts set aside in the Reserve Fund(s).

(k)     "**Bankruptcy Case**" means Bankruptcy Case No. 17-43208-ELM-11 in the Bankruptcy Court.

(l)     "**Bankruptcy Code**" means 11 U.S.C. §§ 101, *et. seq.*, in effect as of the Petition Date and as may have been or may be amended or supplemented since, to the extent that any such amendment or supplement is automatically applicable to the Bankruptcy Case by operation of law and not by operation of any election or choice.

(m)     "**Bankruptcy Court**" means the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division or, if such court ceases to exercise jurisdiction, the court or adjunct thereof that exercises jurisdiction over the Bankruptcy Case.

(n)     "**Bankruptcy Rules**" means the Federal Rules of Bankruptcy Procedure, together with the local bankruptcy rules for the Bankruptcy Court as now in effect or as the same may from time to time hereafter be amended.

(o)     "**Bar Date**" means December 7, 2017.

(p)     "**Board of Members**" means the Debtor's Board of Members as formed under the LLC Agreement and as constituted as of the Effective Date.

(q)     "**Business Day**" means any day which is not a Saturday, a Sunday, or a "legal holiday" within the meaning of Bankruptcy Rule 9006(a).

(r)     "**Cash**" means cash and cash equivalents, including, but not limited to, bank deposits, wire transfers, checks, and readily marketable securities, instruments and obligations of the United States of America or instrumentalities thereof.

(s)     "**Causes of Action**" means (a) any avoidance, recovery or subordination actions of the Debtor arising under sections 510, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code, (b) all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises,

variances, trespasses, damages or judgments of the Debtor, and (c) objections to Disputed Claims against or Equity Interests in the Debtor.

(t) **"Claim"** means a claim against the Debtor, the Estate, and/or property of the Debtor or the Estate, as such term is otherwise defined in section 101(5) of the Bankruptcy Code, and arising at any time prior to the Effective Date, including first arising after the Petition Date, regardless of whether the same would otherwise be a claim under said section 101(5) of the Bankruptcy Code.

(u) **"Claims Objection Deadline"** means the date by which the Liquidating Debtor may file any objection to a Claim, which date shall be the later of forty-five (45) days after (i) the Effective Date, or (ii) the date of filing of any Claim, including any Administrative Claim, if timely filed. The Claims Object Deadline may be extended by order of the Bankruptcy Court entered prior to such date.

(v) **"Class"** means one of the categories of Claims and Equity Interests established under Article II of this Plan.

(w) **"Confirmation Date"** means the date on which the clerk of the Bankruptcy Court enters the Confirmation Order on its docket.

(x) **"Confirmation Hearing"** means the hearing(s) before the Bankruptcy Court pursuant to section 1128 of the Bankruptcy Code to consider confirmation of this Plan, as such hearing(s) may be continued, rescheduled or delayed.

(y) **"Confirmation Order"** means the order of the Bankruptcy Court confirming this Plan pursuant to section 1129 of the Bankruptcy Code, as such order may be amended, modified, or supplemented.

(z) **"Creditor"** means the holder of any Claim entitled to distributions under this Plan with respect to such Claim.

(aa) **"Debtor"** means Completion Industrial Minerals, LLC, a Delaware limited liability company.

(bb) "**Debtor in Possession**" means the Debtor, as the Debtor in possession in the Chapter 11 Case.

(cc) **"Disallowed Claim"** means, as it relates to any type of Claim provided for under this Plan, a Claim or portion thereof that: (i) has been disallowed by a Final Order of the Bankruptcy Court; (ii) is identified in the Schedules in an amount of zero dollars, unknown dollars, or as contingent, unliquidated, and/or disputed, and as to which a proof of Claim was not filed by the Bar Date; or (iii) is not identified in the Schedules and as to

which no proof of Claim has been filed or deemed filed by the Bar Date, if the filing of such proof of Claim is otherwise required.

(dd)  "**Disputed Claim**" means any Claim or any portion thereof which is neither an Allowed Claim nor a Disallowed Claim as of the close of the Claims Objection Deadline.  In the event that any part of a Claim is a Disputed Claim, such Claim in its entirety shall be deemed to constitute a Disputed Claim for purposes of distribution under this Plan unless the Liquidating Debtor, and the holder thereof agree otherwise or unless otherwise ordered by the Bankruptcy Court; *provided*, *however*, that nothing in this definition of "Disputed Claim" is intended to or does impair the rights of any holder of a Disputed Claim to pursue its rights under section 502(c) of the Bankruptcy Code.  Without limiting any of the foregoing, but subject to the provisions of this Plan, a Claim that is the subject of a pending application, motion, complaint, objection, or any other legal proceeding seeking to disallow, limit, subordinate, or estimate such Claim, as of the Claims Objection Deadline, shall be a Disputed Claim unless and until the entry of a Final Order providing otherwise.

(ee)  "**Distribution**" means the Cash or Assets to be distributed to Holders of Allowed Claims under Article IX of the Plan.

(ff)  "**Distribution Dates**" means collectively the Initial Distribution Date, any Subsequent Distribution Date and the Final Distribution Date.

(gg)  "**Effective Date**" means the first Business Day fourteen (14) days after the Confirmation Date if the Confirmation Order is not stayed or, if the Confirmation Order is stayed, the first Business Day following the lifting, dissolution, or removal of such stay if made fourteen (14) days or more after the Confirmation Date, and upon which the conditions to the effectiveness of the Plan set forth in Article X hereof are satisfied.

(hh)  "**Entity**" means an entity as defined in section 101(15) of the Bankruptcy Code.

(ii)  "**Equity Interests**" means any ownership of any equity in the Debtor, including, as may be applicable, any membership interest, stock, share, general partnership interest, limited partnership interest, or other equity ownership.

(jj)  "**Estate**" means the estate created for the Debtor pursuant to section 541 of the Bankruptcy Code and any other applicable provision thereof.

(kk)  "**Executive Committee**" means a committee comprised of the Board of Members as of the Effective Date, who shall be identified by the Debtor no fewer than five (5) business days prior to the Confirmation Hearing.

(ll) **"Executory Contract"** means, collectively, "executory contracts" and "unexpired leases" of the Debtor as of the Petition Date as such terms are used within section 365 of the Bankruptcy Code.

(mm) **"Final Decree"** means the final decree entered by the Bankruptcy Court on or after the Effective Date pursuant to Bankruptcy Rule 3022.

(nn) **"Final Distribution Date"** means the last Subsequent Distribution Date.

(oo) **"Final Order"** means a judgment, order, ruling, or other decree issued and entered by the Bankruptcy Court or by any state or other federal court or other tribunal having jurisdiction over the subject matter thereof which judgment, order, ruling, or other decree has not been reversed, stayed, modified, or amended and as to which: (i) the time to appeal or petition for review, rehearing or certiorari has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (ii) any appeal or petition for review, rehearing or certiorari has been finally decided and no further appeal or petition for review, rehearing or certiorari can be taken or granted.

(pp) **"Governmental Unit"** means a governmental unit as such term is defined in section 101(27) of the Bankruptcy Code.

(qq) "**Holder**" means a Person or Entity holding an Equity Interest or Claim.

(rr) "**Impaired**" means impaired within the meaning of section 1124 of the Bankruptcy Code.

(ss) "**Initial Distribution Date**" means the first Business Day that is not less than fifteen (15) days after the Effective Date, or as soon as the first Distribution can thereafter be made as determined by the Liquidating Debtor.

(tt) "**Lien**" or "**Liens**" means any charge against or interest in property to secure payment of a debt or performance of an obligation.

(uu) "**Liquidating Debtor**" means the Debtor and the Debtor in Possession, or any successors thereto, by merger, consolidation, or otherwise, on and after the Effective Date.

(vv) **"LLC Agreement"** means the Debtor's Second Amended and Stated Limited Liability Company Agreement as in effect as of the Effective Date.

(ww) **"Non-Cash Property"** means all real property and improvements and tangible personal owned by the Debtor.

(xx)  "**Other Priority Claim**" means any Claim accorded priority in right of payment under section 507(a) of the Bankruptcy Code, other than a Priority Tax Claim or an Administrative Claim.

(yy)  "**Person**" means and includes natural persons, corporations, limited partnerships, general partnerships, joint ventures, trusts, land trusts, business trusts, unincorporated organizations, or other legal entities, irrespective of whether they are governments, agencies or political subdivisions thereof.

(zz)  "**Petition Date**" means August 1, 2017.

(aaa)  "**Plan**" means this *Debtor's Plan of Liquidation*, either in its present form or as it may be altered, amended or modified from time to time.

(bbb)  "**Plan Administrator**" means the Person or Entity designated by the Debtor prior to Confirmation to administer the Liquidating Debtor and liquidate the Remaining Assets in accordance with the Plan. In the event that the Person or Entity serving as Plan Administrator is terminated, the Executive Committee shall be responsible for hiring a Person or Entity to fulfill the obligations of the Plan Administrator under this Plan. The Debtor shall identify the Person or Entity to serve initially as Plan Administrator, and the terms and conditions of such Person or Entity's employment, no fewer than five (5) business days prior to the Confirmation Hearing.

(ccc)  "**Plan Proponent**" means the Debtor.

(ddd)  "**Priority Claim**" means any Claim entitled to priority in payment under section 507(a) of the Bankruptcy Code, excluding any Claim that is an Administrative Claim or that is a Secured Tax Claim.

(eee)  "**Pro Rata**" means proportionately so that with respect to an Equity Interest, the amount of Cash distributed on account of such Equity Interest is in the same as the amount of all Cash distributed on account of all Equity Interests.

(fff)  "**Professional**" means any Person employed or to be compensated pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code.

(ggg)  "**Professional Claim**" means a Claim by a Professional for compensation and/or reimbursement of expenses pursuant to sections 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code in connection with an application made to the Bankruptcy Court in the Bankruptcy Case.

(hhh)  "**Proof of Claim**" means a proof of claim Filed pursuant to section 501 of the Bankruptcy Code and/or any order of the Bankruptcy Court.

(iii)  "**Rejection Claim**" means a Claim arising under section 502(g) of the Bankruptcy Code as a consequence of the rejection of any Executory Contract.

(jjj)  "**Remaining Assets**" means the Liquidating Debtor's Assets on the Effective Date.

(kkk)  "**Schedules**" means the Schedules of Assets and Liabilities and the Statements of Financial Affairs filed by the Debtor with the clerk of the Bankruptcy Court pursuant to Bankruptcy Rule 1007, as they have been or may be amended or supplemented from time to time in accordance with Bankruptcy Rule 1009.

(lll)  "**Secured Claim**" means a Claim that is alleged to be secured, in whole or in part, (i) by a lien against an asset of the Debtor or the Estate to the extent such lien is valid, perfected and enforceable under applicable non-bankruptcy law and is not subject to avoidance or subordination under the Bankruptcy Code or applicable non-bankruptcy law, but only to the extent that such Claim is secured within the meaning of section 506(a) of the Bankruptcy Code; or (ii) as a result of rights of setoff under section 553 of the Bankruptcy Code.

(mmm)"**Secured Administrative Debt Claim**" means the Claim belonging to the Post-Petition Lender arising under that certain Debtor in Possession loan facility approved by orders of the Bankruptcy Court in the maximum total principal amount of $300,000, and secured by consensual liens on the Assets.

(nnn)  "**Secured Tax Claim**" means a Claim of a Governmental Unit for the payment of *ad valorem* real property and business personal property taxes that is secured by property of the Debtor or the Estate, including any such tax for tax year 2017.  Notwithstanding anything contained herein to the contrary, a Secured Tax Claim does not include any *ad valorem* tax payable for the tax year 2018 or later, any such claims instead being an Administrative Tax Claim.

(ooo)  "**Substantial Consummation**" means the date on which any of the following first happens: (i) the date of the Initial Distribution; or (ii) the Bankruptcy Court otherwise finds that substantial consummation within the meaning and operation of the Bankruptcy Code has occurred.

(ppp)  "**Subsequent Distribution Date**" means the date(s) following the Initial Distribution Date determined by the Liquidating Debtor as appropriate to make Distributions on Allowed Claims that were not paid on the Initial Distribution Date.

(qqq)  "**Unimpaired**" means not impaired within the meaning of section 1124 of the Bankruptcy Code.

(rrr) **"Unsecured Claim"** means any alleged Claim against the Debtor that is not secured by a valid, enforceable, and unavoidable lien against any asset of the Debtor or the Estate, but excluding any Administrative Claim, Priority Claim, Secured Claim, and Administrative Convenience Claim.

## ARTICLE II.
## CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS

2.1     Classification Generally.  All Claims and Equity Interests, except Administrative Claims, are placed in Classes under the Plan.  A Claim is classified within a particular Class only to the extent that the Claim qualifies under the description of that Class.  A Claim which is properly includible in more than one Class is only entitled to inclusion within a particular Class to the extent that it qualifies under the description of such Class, and shall be included within a different Class(es) to the extent that it qualifies under the description of such different Class(es).

2.2     Unclassified Claims.  The following types of Claims are not classified under the Plan:

    (a)     Secured Administrative Debt Claims

    (b)     Administrative Claims

    (c)     Administrative Tax Claims

2.3     Classified Claims and Interests.  Claims and Equity Interests are classified under this Plan as follows:

    (a)     Class 1:         Priority Claims

    (b)     Class 2:         Secured Tax Claims

    (c)     Class 3:         Secured Claims

    (d)     Class 4:         General Unsecured Claims

    (e)     Class 5:         Equity Interests

## ARTICLE III.
## PROVISIONS FOR THE TREATMENT OF UNCLASSIFIED CLAIMS

3.1     Administrative Claim Applications and Deadline.  Holders of Administrative Claims, including Professional Claims, other than: (a) Allowed Administrative Claims as of the Effective Date; (b) Administrative Claims that represent liabilities incurred on or after the Petition Date, but prior to the Effective Date, in the ordinary course of the Debtor's business which may be paid in the ordinary course of the Debtor's business without order of the Bankruptcy Court; and (c) Administrative Claims that constitute fees or charges assessed against the Estate under Chapter 123, Title 28, United States Code, must by no later than the Administrative Claims Bar Date: (x) file an application with the Bankruptcy Court for allowance of the Administrative Claim; and (y) serve a copy of such application on the Debtor, the United

States Trustee, and all other parties otherwise entitled to notice thereof. Failure to file and serve such application by the Administrative Claims Bar Date shall result in the Administrative Claim being forever barred and discharged as against the Liquidating Debtor, the Estate, and the property of any of the foregoing. Except as specifically provided in this Plan, nothing in this Plan alters the law applicable to, and governing, the allowance of Administrative Claims (including Professional Claims) under the Bankruptcy Code.

3.2     <u>Treatment of Allowed Administrative Claims</u>.     Except with respect to Administrative Tax Claims (see Section 3.4 below), and unless previously paid, each holder of an Allowed Administrative Claim, including a Professional Claim, shall receive in full satisfaction, release and discharge of, and in exchange for such Allowed Administrative Claim, from the Liquidating Debtor: (i) the amount of such Allowed Administrative Claim, in cash, and without interest, attorney's fees (except as Allowed by the Bankruptcy Court), or costs, on the earlier of: (a) ten (10) Business Days after the Effective Date; or (b) the date that is ten (10) Business Days after such Administrative Claim becomes an Allowed Administrative Claim; or (ii) such other treatment as may be agreed upon in writing by the holder of such Claim and the Liquidating Debtor; *provided*, *however*, that Allowed Administrative Claims that represent liabilities incurred on or after the Petition Date, but prior to the Effective Date, in the ordinary course of the Debtor's businesses which may be paid in the ordinary course of the Debtor's businesses without order of the Bankruptcy Court, shall be paid by the Debtor and/or the Liquidating Debtor, as appropriate, in accordance with the agreements related thereto, and subject to the Debtor's and/or the Liquidating Debtor's, as appropriate, right to contest the allowance or payment of same.

3.3     <u>Treatment of Professional Claims</u>.  Professional Claims become Allowed the same as Administrative Claims in this Article (Section 3.1), and are treated the same as Administrative Claims in this Article (Section 3.2), except that: (i) a Professional Claim that has been previously Allowed on a final (not interim) basis by Final Order of the Bankruptcy Court is not subject to the requirement for filing an application as provided for in Section 3.1; (ii) a Professional Claim that has been Allowed on an interim basis (not final) in whole or in part shall, with respect to being Allowed on a final basis, be subject to the filing of an application for its allowance as provided for in Section 3.1 and shall be subject to such law, rules, and procedures as would be otherwise applicable to the same outside of this Plan; (iii) a Professional Claim that has been previously Allowed and paid on a final basis by Final Order of the Bankruptcy Court, but subject to disgorgement in the event of administrative insolvency, shall cease being subject to said disgorgement ten (10) days after the Administrative Claims Bar Date unless, upon motion and notice, the Bankruptcy Court extends such period; (iv) any interim payments on account of a Professional Claim shall be credited against the payment of the final Allowed amount of such Professional Claim; (v) any retainer provided on account of a Professional Claim may be credited and applied against the payment of the final Allowed amount of such Professional Claim once such Professional Claim is Allowed on a final basis; and (vi) any Professional Claim based on payment under section 328 of the Bankruptcy Code by commission or contingency shall be allowed and paid as provided for in the retention order of the Bankruptcy Code, without need for the filing of any application or other document with the Bankruptcy Court notwithstanding anything contained herein to the contrary.

3.4     Administrative Tax Claims.  Administrative Tax Claims, and any liens securing the same, are not affected by, prejudiced by, discharged by, or treated by this Plan, and shall survive this Plan without need for any action on the part of the holder thereof.  Administrative Tax Claims, and the liens securing the same, shall be paid by the Liquidating Debtor from the Remaining Assets when and as otherwise appropriate, together with such interest and other charges as otherwise appropriate.  Notwithstanding anything contained in this Plan to the contrary, nothing in this Plan transfers or vests any property of the Debtor or the Estate free and clear of any lien securing an Administrative Tax Claim.  The Liquidating Debtor and the Estate reserve any and all rights to contest any Administrative Tax Claims as may be otherwise appropriate, and nothing in this Plan shall be deemed to allow any Administrative Tax Claim.

3.5     Secured Administrative Debt Claim.  ISA, as the Holder of the Secured Administrative Debt Claim shall receive in full satisfaction, release and discharge of, and in exchange for such Secured Administrative Debt Claim, from the Liquidating Debtor: (i) the amount of such Secured Administrative Debt Claim, in cash, with all accrued interest, on the earlier of: (a) ten (10) Business Days after the Effective Date; or (b) the date that is ten (10) Business Days after any Disputed portion of such Secured Administrative Debt Claim becomes Allowed.

3.6     Section 505.  For the avoidance of doubt, and without limiting the generality of any similar provision of this Plan, the Liquidating Debtor and the Estate reserve all rights under section 505 of the Bankruptcy Code, as otherwise applicable, to contest any tax Claim and to seek appropriate determinations under said section 505 with respect thereto.

### ARTICLE IV.
### PROVISIONS FOR THE TREATMENT OF CLASSIFIED CLAIMS; IDENTIFICATION OF IMPAIRED CLASSES

4.1     Class 1:  Priority Claims.

4.1.1     Treatment.  Each Priority Claim, to the extent Allowed, shall be paid in full satisfaction, release and discharge of and in exchange for such Allowed Priority Claim, by the Liquidating Debtor from the Remaining Assets the amount of such Allowed Priority Claim, in cash, and without interest, attorney's fees, or costs, no later than the earlier of (i) the Initial Distribution Date, (ii) the first Subsequent Distribution Date following the allowance of the Priority Claim, or (iii) the Final Distribution Date.

4.1.2     Impairment.  Class 1 is not impaired under this Plan.

4.2     Class 2:  Secured Tax Claims.

4.2.1     Retention of Liens.  Each holder of a Secured Tax Claim shall retain all liens securing the same, which liens shall survive confirmation of this Plan with the same priority, extent, and validity that otherwise exists.

4.2.2.     Treatment.  Each Secured Tax Claim, to the extent Allowed, shall be paid in full satisfaction, release and discharge of, and in exchange for, such Allowed Secured Tax Claim and any lien securing the same, by the Liquidating Debtor from the

Remaining Assets as follows:

(i)    <u>Interest</u>.  Prior to the payment in full of an Allowed Secured Tax Claim as above, each Allowed Secured Tax Claim shall accrue interest at the applicable rate as specified by non-bankruptcy law.

(ii)    <u>Payment of Secured Tax Claims</u>.  The Liquidating Debtor shall pay each Secured Tax Claim, to the extent Allowed, from the Remaining Assets no later than the earlier of (i) the Initial Distribution Date, (ii) the first Subsequent Distribution Date following the allowance of the Secured Tax Claim, or (iii) the Final Distribution Date.

4.2.3   <u>Impairment</u>.  Class 2 is not impaired under this Plan.

4.3    <u>Class 3:  Secured Claims</u>.

4.3.1   <u>Identification of Class</u>.  Class 3 consists of all Secured Claims, including underlying claims, liens, interests, encumbrances, and rights against the Debtor, the Estate, and their property, which are otherwise not specifically classified by this Plan. For the avoidance of doubt, Class 3 excludes Secured Tax Claim, and Administrative Tax Claims.

4.3.2   <u>Allowance of Claims</u>.   Class 3 Secured Claims shall be subject to becoming Allowed as otherwise provided for in this Plan, and nothing in this Plan alters, affects, or prejudices any right, claim, issue, or defense with respect thereto.

4.3.3   <u>Treatment</u>.  Each Class 3 Secured Claim, to the extent Allowed, shall be paid in full satisfaction, release and discharge of, and in exchange for, such Allowed Secured Claim and any lien securing the same, by the Liquidating Debtor from the Remaining Assets as follows:

(i)    <u>Interest</u>.  Prior to the payment in full of an Allowed Secured Claim as above, each Allowed Secured Claim shall accrue interest at the applicable rate as specified by the contractual loan instruments governing such Secured Claim or as otherwise provided by applicable law.

(ii)    <u>Payment of Secured Claims</u>.  The Liquidating Debtor shall pay each Secured Claim, to the extent Allowed, no later  than the earlier of (i) the Initial Distribution Date, (ii) the first Subsequent Distribution Date following the allowance of the Priority Claim, or (iii) the Final Distribution Date.  To the extant that a Secured Claim is Disputed as of the Effective Date, the Liquidating Debtor shall be permitted to pay (a) the portion of such Secured Claim that is not Disputed as provided in Section 4.3.3.(i), and (b) pay such Disputed Secured Claim on or before ten (10) Business Days after the entry of a Final Order allowing the same, or no later than ten

(10) Business Days after the execution of an agreement compromising the same.

4.3.5    Impairment.  Class 3 is not impaired under this Plan.

4.4    Class 4:  Unsecured Claims.

4.4.1    Treatment.  Each Unsecured Claim, to the extent Allowed, shall be paid in full satisfaction, release and discharge of and in exchange for such Allowed Unsecured Claim, by the Liquidating Debtor from the Remaining Assets the amount of such Allowed Unsecured Claim, in cash, and without interest, attorney's fees, or costs, no later  than the earlier of (i) the Initial Distribution Date, (ii) the first Subsequent Distribution Date following the allowance of the Unsecured Claim, or (iii) the Final Distribution Date.  The payment of Allowed Unsecured Claims shall be made concurrently with or after payment in full of all higher priority claims pursuant to the terms of the Plan.

4.4.2    Impairment.  Class 4 is not impaired under this Plan.

4.5    Class 5: Equity Interests.

4.5.1    Treatment. Class 5 Equity Interests shall be paid from the Remaining Assets after final resolution of all Disputed Claims and the payment in full of all Allowed Claims after the Final Distribution Date, with each Holder of an Equity Interest to be paid Pro Rata as agreed collectively by all of the Holders of Equity Interests. In the event that the Holders of Equity Interests do not agree to the amount of Pro Rata distributions to be paid, the Liquidating Debtor shall be permitted to tender the funds available to pay the Equity Interests into the registry of the Bankruptcy Court, such that the Holders of Equity Interests may seek a determination from the Bankruptcy Court with respect to the Pro Rata Distribution to be made to each such Holder.

4.5.1    Impairment.  Class 5 is not impaired under this Plan.

## ARTICLE V.
## MEANS FOR IMPLEMENTATION OF THE PLAN

5.1    Liquidating Debtor.   As of the Effective Date, the Liquidating Debtor shall implement the provisions of this Plan. The Plan Administrator shall administer the Liquidating Debtor's duties and obligations under the Plan, with oversight from the Executive Committee.

5.2    Sale of Non-Cash Remaining Assets.

(i)    Sale.   The Liquidating Debtor shall use commercially reasonable means to market and sell the Non-Cash Property.  In connection with the Liquidating Debtor's efforts, it may continue to retain any broker, auction firm or other professional service on the same terms and conditions, and subject to the same compensation, as provided for in the Bankruptcy Case, without prejudice to the

rights and abilities of the Liquidating Debtor to retain other replacement or additional professionals. The sale of the Non-Cash Property when effectuated by the Liquidating Debtor pursuant to this Plan, may be sold free and clear of all liens, claims, interests, and encumbrances, which liens, claims, interests and encumbrances shall attach to the proceeds of the sale as provided for in this Plan. If requested by the Liquidating Debtor, each Creditor with a lien, interest, or encumbrance in, to, or against the Non-Cash Property shall execute and deliver to the Liquidating Debtor for recording appropriate release of lien instruments. The Liquidating Debtor shall also pay any closing costs and related expenses incurred in connection with the sale of the Non-Cash Property.

(ii)     <u>Sale Amount</u>.  The Liquidating Debtor shall provide a copy of any purchase agreement for any Non-Cash Property reasonably promptly after the execution of the same to the United States Trustee.

5.3     <u>Duties Regarding the Non-Cash Property</u>.  So long as the Liquidating Debtor owns the Non-Cash Property, it shall be permitted to pay expenses that it determines are reasonable and customary to maintain and preserve the value the Non-Cash Property, including maintaining commercial liability insurance with respect to the Non-Cash Property, maintaining security services to protect the Non-Cash Property, and engaging third-parties to make any maintenance or repairs to the Non-Cash Property determined to be prudent.  The Liquidating Debtor shall have no liability for any damage or loss of value to the Real Property except for gross negligence or intentional acts or intentional violation of this Plan.

5.4     <u>Incorporation of Rule 9019</u>.  To the extent necessary to effectuate and implement the compromises and releases contained in this Plan, the Plan shall be deemed to constitute a motion under Bankruptcy Rule 9019 seeking the Bankruptcy Court's approval of all of the compromises and releases contained herein.

5.5     <u>Rights Under Section 505</u>.  All Claims for taxes by Governmental Units and any claim to a refund regarding the same or other relief regarding the same shall remain subject to section 505 of the Bankruptcy Code.  The Liquidating Debtor may seek relief pursuant to section 505 of the Bankruptcy Code as a part of, and in conjunction with, any objection to any claim for taxes by a Governmental Unit.

5.6     <u>Automatic Stay</u>.  The automatic stay provided by section 362(a) of the Bankruptcy Code shall remain in effect through to the Effective Date, unless otherwise specifically modified, annulled, or terminated by the Bankruptcy Court pursuant to separate order, and shall terminate on the Effective Date, at which time the discharge and injunction provisions of this Plan and the Bankruptcy Code shall take control.

5.7     <u>Incorporation of Exhibits</u>.  Any exhibits to this Plan, or any supplements to this Plan filed prior to the conclusion of the Confirmation Hearing, shall automatically become part of this Plan if it is intended to address any issue in this Plan and if it is intended to become a part of this Plan.

5.8     <u>Rejection of Executory Contracts</u>.  Unless rejected pursuant to separate order in the Bankruptcy Case, all Executory Contracts of the Debtor and the Estate are rejected

automatically on the Effective Date, without need for further order, action, document, or instrument. Counter-parties to Executory Contracts that are automatically rejected under this Section 5.8 shall have thirty (30) days from the Effective Date to file any Rejection Claim.

5.9. <u>Establishment of Allowance, Classification, Priority, and Amount of Claims</u>. All Claims listed in Schedule 5.9 hereto shall be Allowed or Disallowed as indicated in Schedule 5.9, including as to each Claim, (a) the extent to which the Claim is a Secured Claim, a Priority Claim or an Unsecured Claim, (b) the allowed amount the Claim, if any, (c) the payee of the Claim, except that any Holder of a Claim listed in Schedule 5.9 may opt out of the determination of that Holder's Claim by giving written notice so that it is *received* by the Debtor on or prior to the Opt-Out Deadline.

5.9.1 <u>Notice</u>. Notice of a Holder's election to Opt-Out of the claims determination process provided under this Section shall be in writing (email permitted) as follows:

Completion Industrial Minerals
c/o Mr. Kent Van Houten
Chief Restructuring Officer
4415 Cobblers Lane
Dallas, TX 75287

Email: kentvanhouten@sbcglobal.net


With Copy To:

Mark H. Ralston
Fishman Jackson Ronquillo PLLC
Three Galleria Tower
13155 Noel Road, Suite 700
Dallas, TX 75240

Email: mralston@fjrpllc.com

5.9.1 <u>Treatment of Opt-Out Claims</u>. All Claims that are subject of any timely Opt-Out notice provided in accordance with this Section 5.9 will be deemed to be Disputed and subject to resolution under Section VII of the Plan.

## ARTICLE VI.

## ACCEPTANCE OR REJECTION OF PLAN

6.1.     Impairment Controversies.  If a controversy arises as to whether any Class is impaired under this Plan, such Class shall be treated as specified in this Plan unless the Bankruptcy Court shall determine such controversy differently upon motion of the party challenging the characterization of a particular Class under this Plan.

6.2.     Classes and Claims Entitled to Vote.  No Holders of Claims or Interests are impaired under the Plan and are therefore not entitled to vote on the Plan.

6.3.     Class Acceptance Requirement.  N/A.

6.4.     Cramdown.  N/A.

## ARTICLE VII.
## TREATMENT OF DISPUTED CLAIMS AND OBJECTIONS TO CLAIMS

7.1.     Standing to Object to Claims.  In addition to all other parties that may otherwise have standing to object to Claims, the Liquidating Debtor shall have specific standing to object to the allowance of said Claims.

7.2.     Objection Deadline.  Any objection to a Claim when the Claim is not otherwise Allowed by this Plan must be filed by the Claims Objection Deadline or be forever barred and waived.  Any Claim that is not a Disputed Claim, a Disallowed Claim, or that is not objected to by the Claims Objection Deadline shall be deemed to be an Allowed Claim of the type and priority asserted in the Claim.  Provided that a claim objection is filed prior to the Claims Objection Deadline, such objection may be amended thereafter to assert any other applicable objection or grounds for objection, together with any other relief as otherwise appropriate.  Any proof of Claim filed after the Effective Date shall be of no force and effect and need not be objected to.  Any Disputed Claim may be litigated to Final Order.  The Liquidating Trust may compromise and settle any Disputed Claim without the necessity of any further notice or approval of the Bankruptcy Court, and Bankruptcy Rule 9019 shall not apply to any settlement of a Disputed Claim after the Effective Date.  Nothing in this Plan extends any Bar Date set in the Bankruptcy Case or grants any Creditor any greater rights with respect to a late-filed Claim than existed prior to the Confirmation Date.

7.3.     Creditor Response to Objection.  With respect to any objection to a Disputed Claim when such objection is filed after the Effective Date but otherwise in compliance with this Plan, the Creditor whose Claim was the subject of the objection must file with the Bankruptcy Court and serve a response to the objection upon the Liquidating Debtor, through its counsel, no later than the expiration of thirty (30) days from the date of service of any such objection. Failure to file and serve such a response within the thirty (30) days shall constitute cause for the entry of a default order or judgment by the Bankruptcy Court against the non-responding Creditor and thereby grant the relief requested in the Objection without further notice to such Creditor.  Any objection to a Disputed Claim shall contain prominent negative notice language informing the Holder of the Claim of the requirements of this Section.

7.4.    <u>No Waiver of Right to Object</u>.  Except as expressly provided in this Plan, nothing contained in the Disclosure Statement, this Plan, or the Confirmation Order shall waive, relinquish, release or impair the Liquidating Debtor's or other appropriate party-in-interest's right to object to any Claim.  A Claim that is specifically Allowed in this Plan shall not be subject to any objection and shall be conclusively Allowed in the Bankruptcy Case, except to the extent that such Claim is subsequently asserted in an amount, priority, or classification otherwise than that specifically Allowed in this Plan.

7.5.    <u>Miscellaneous Provisions for Disputed Claims</u>.  Nothing contained in this Plan, the Disclosure Statement, or Confirmation Order shall change, waive or alter any requirement under applicable law that the holder of a Disputed Claim must file a timely proof of Claim, and the holder of such Disputed Claim who is required to file a proof of Claim and fails to do so, shall receive no distribution through the Plan and the Claim shall be discharged, unless this Plan specifically and explicitly provides otherwise.  The adjudication and liquidation of Disputed Claims is a determination and adjustment of the debtor/creditor relationship, and is therefore an exercise of the Bankruptcy Court's equitable power to which the legal right of trial by jury is inapplicable.  The holder of any Disputed Claim shall not have a right to trial by jury before the Bankruptcy Court with respect to any such Claim, except with respect to any potential personal injury or wrongful death claim.  Exclusive venue for any proceeding involving a Disputed Claim shall be in the Bankruptcy Court or District Court in the Northern District of Texas, Fort Worth Division, unless the Bankruptcy Court or District Court withdraw the reference, transfer a proceeding, or abstain.  Disputed Claims shall each be determined separately, except as otherwise ordered by the Bankruptcy Court.  The Liquidating Debtor shall retain all rights of removal to federal court as to any proceeding involving a Disputed Claim.

7.6.    <u>Allowance of Disputed Claims</u>.  All Disputed Claims shall be liquidated and determined as follows:

7.6.1.    <u>Application of Adversary Proceeding Rules</u>.  Unless otherwise ordered by the Bankruptcy Court, the proceeding involving a Disputed Claim or any objection to a Disputed Claim shall be subject to Rule 9014 of the Bankruptcy Rules.  However, any party may move the Bankruptcy Court to apply the Bankruptcy Rules applicable to adversary proceedings.  The Liquidating Debtor may, at its election, make and pursue any objection to a Claim in the form of an adversary proceeding.

7.6.2.    <u>Scheduling Order</u>.  Unless otherwise ordered by the Bankruptcy Court, or if the objection is pursued as an adversary proceeding, a scheduling order may be entered as to each objection to a Disputed Claim upon the filing of a response thereto by the holder thereof.  The Liquidating Debtor may tender a proposed scheduling order with each objection and include a request for a scheduling conference for the entry of a scheduling order.

7.6.3.    <u>Mediation</u>.  The Bankruptcy Court may order the parties to mediate in connection with any objection to a Disputed Claim.  The Liquidating Debtor may include a request for mediation in their objection, and request that the Bankruptcy Court require mediation as part of the scheduling order.

7.6.4. <u>Substantial Consummation</u>. All distributions of any kind made to any of the holders of Allowed Claims after Substantial Consummation and any and all other actions taken under this Plan after Substantial Consummation shall not be subject to relief, reversal or modification by any court unless the implementation of the Confirmation Order is stayed by an order issued under the Bankruptcy Rules.

7.6.5 <u>Offsets</u>. The Liquidating Debtor shall be vested with and retain all rights of offset or recoupment and all counterclaims against any holder of a Disputed Claim, unless specifically released in this Plan.

7.7 <u>Amendments to Claims; Claims Filed After the Confirmation Date</u>. Except as otherwise provided in the Plan, and subject to the Bar Date, a Claim may not be filed with the Bankruptcy Court or amended after the Confirmation Date without the prior authorization of the Bankruptcy Court. Except as otherwise provided in the Plan, any new or amended Claim filed with the Bankruptcy Court after the Confirmation Date shall be deemed disallowed in full and expunged without need for any action by the Liquidating Debtor.

7.8 <u>Distributions to Holders of Equity Interests</u>. Upon satisfaction of all Claims, the Liquidating Debtor, after reservation of sufficient Cash to satisfy anticipated expenses, shall distribute all remaining Cash to the Holders of Equity Interests in the proportional amount; agreed upon by the Holders of such Equity Interests. If the Holders of Equity Interests do not agree to any apportioned remaining Cash, the Liquidating Debtor may institute a proceeding in the Bankruptcy Court and request, among other things, that it be permitted to transfer the remaining Cash to the registry of the Bankruptcy Court pending determination of each Holder of Equity Interests' respective interest in those funds.

## ARTICLE VIII
## EFFECTS OF PLAN CONFIRMATION

8.1 <u>No Discharge</u>. The Debtor is not granted a discharge under this Plan.

8.2 <u>Plan Injunction</u>. Effective immediately on the Effective Date, and without need for further order, document, action, or instrument, the Confirmation Order shall, and shall be deemed to, permanently enjoin all Persons from taking any of the following actions on account of any Claim: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against the Liquidating Debtor, or the Estate or any of their property, with respect to any property to be distributed or transferred under the Plan or Claim that is subject to this Plan, including funds or reserves held or maintained by any of them pursuant to this Plan; (ii) enforcing, levying, attaching, collecting, or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree, or order against the Liquidating Debtor or the Estate, or their property with respect to any property to be distributed or transferred under the Plan or Claim that is subject to this Plan, including funds or reserves held or maintained by any of them pursuant to this Plan; (iii) creating, perfecting or enforcing in any manner directly or indirectly, any lien, charge or encumbrance of any kind against the Debtor, the Estate, or the Liquidating Debtor or their property, with respect to any property to be distributed or transferred under the Plan or Claim that is subject to this Plan, including funds or reserves held or maintained by any of them pursuant to this Plan; and

(iv) proceeding in any manner in any place whatsoever against the Liquidating Debtor or its property with respect to any property to be distributed or transferred under the Plan or Claim that is subject to this Plan, including funds or reserves held or maintained by any of them pursuant to this Plan in any way that does not conform to, or comply, or is inconsistent with, the provisions of this Plan; *provided, however*, that such injunction shall not preclude any party in interest from seeking to enforce or interpret the terms of the Plan through an action commenced in the Bankruptcy Court or other appropriate court, or from appealing the Confirmation Order.

8.3     <u>No Liability for Solicitation or Participation</u>.  N/A.

8.4     <u>General Release</u>.  On the Effective Date, and without the need for further action, the Plan and Confirmation Order shall constitute a release, except of any obligations imposed by this Plan, by the Debtor, the Estate, and the Liquidating Debtor, any Creditor, and any Equity Interest holder (collectively, the "<u>Releasing Parties</u>"), on behalf of the Releasing Parties and all their predecessors, successors, parents, direct subsidiaries, indirect subsidiaries, affiliates, assigns, heirs, agents, transferees, directors, officers, employees, and attorneys, of any and all actions, causes of action (including Chapter 5 avoidance actions), claims, suits, debts, damages, judgments, liabilities, and demands whatsoever, whether matured or unmatured, whether at law or in equity, whether before a local, state, or federal court, state or federal administrative agency or commission, regardless of location and whether now known or unknown, liquidated or unliquidated, that the Releasing Parties now have or may have had, or thereafter claim to have, on behalf of themselves, or any other person or entity, as of the Effective Date and only if related to the Bankruptcy Case or a Claim, against: (i) Fishman Jackson Ronquillo, PLLC, its attorneys, employees, officers, agents, and members; (ii) the Debtor's past and current officers; and (iii) the Board of Members, including each individual serving thereon, and their respective attorneys, employees, officers, agents, and owners,  from any alleged liability of any of the foregoing for an action or omission taken in the Bankruptcy Case, or with respect to a Claim in the Bankruptcy Case, or with respect to this Plan, except for any such action or omission that constitutes gross negligence, an intentional tort, breach of fiduciary duty (except simple negligence), or the disallowance or disgorgement of any fees or expenses.  For the avoidance of doubt, nothing herein releases any such person from any liability: (i) for any independent claim or cause of action that would not be property of the Estate; or (ii) the requirements applicable to the allowance of a Professional Claim.

8.5     <u>Exculpation</u>.   On the Effective Date, and without the need for further action, the Plan and Confirmation Order shall constitute a release and discharge of all actions, causes of action, claims, suits, debts, damages, judgments, liabilities, and demands whatsoever, whether matured or unmatured, whether at law or in equity, whether before a local, state, or federal court, state or federal administrative agency or commission, regardless of location and whether now known or unknown, liquidated or unliquidated, that any Person may have or be able to assert against the following solely for any actions or inactions taken by the following in, or arising against the following as a result of, the Bankruptcy Case, and the Plan, including with respect to the negotiation, execution, and delivery of any document or instrument in connection with the Plan: (i) Fishman Jackson Ronquillo, PLLC, its attorneys, employees, officers, agents, and members; (ii) the Debtor's past and current officers; and (iii) the Board of Members, including each individual serving thereon, and their respective attorneys, employees, officers, agents, and owners; *provided, however,* that nothing contained in this Plan or the Confirmation Order shall

relieve any of the foregoing from the normal requirements applicable to the allowance of an Administrative Claim or Professional Claim if approval from the Bankruptcy Court for such allowance is required, and no defenses to said allowance are waived or released.

## ARTICLE IX
## CONDITIONS PRECEDENT

9.1.　　Conditions Precedent to Confirmation and Effectiveness of Plan.  The Plan shall not become effective until the following conditions shall have been satisfied: (i) the Confirmation Order shall have been entered; (ii) on the fifteenth (15th) day after the Confirmation Date, no notice of appeal of the Confirmation Order shall have been filed or, if filed, no order staying the Confirmation Order shall have been entered by such date; (iii) all other specific condition precedents contained in this Plan shall have been satisfied; and (iv) a notice of the Effective Date shall have been filed by the Debtor in the Bankruptcy Case.

9.2.　　Non-Occurrence of the Effective Date.  If the Plan is confirmed, but the Effective Date does not occur by September 30, 2019, unless such date is extended by the Debtor: (i) the Confirmation Order shall be deemed vacated; (ii) all bar dates and deadlines established by the Plan or the Confirmation Order shall be deemed vacated; (iii) the Bankruptcy Case will continue as if confirmation of this Plan had not occurred; and (iv) this Plan will be of no further force and effect, with the result that the Debtor and other parties in interest will be returned to the same position as if confirmation had not occurred.  The failure of the Effective Date to occur shall not affect the validity of any order entered in the Bankruptcy Case other than the Confirmation Order or any order based thereon.

9.3.　　Notice of the Effective Date.　　On or before three (3) Business Days after occurrence of the Effective Date, the Liquidating Debtor shall mail to all Persons served with a copy of this Plan a notice that informs such Persons of: (i) the occurrence of the Effective Date; (ii) the deadlines established under this Plan for the filing of Administrative Claims, Professional Claims, objections to Claims, and any other pertinent deadlines; (iii) the procedures for requesting notice; (iv) the procedures for changing an address of record; and (v) such other matters as they deem to be appropriate.

9.4.　　Modification of this Plan.  The Debtor may alter, amend or modify this Plan under section 1127 of the Bankruptcy Code or as otherwise permitted by applicable law at any time prior to the Confirmation Date.  After the Confirmation Date and prior to the Substantial Consummation of this Plan, the Liquidating Debtor, or any party in interest in the Bankruptcy Case may, so long as the treatment of holders of Claims under this Plan and so long as the protections under this Plan are not materially adversely affected, institute proceedings in the Bankruptcy Court to remedy any defect or omission or to reconcile any inconsistencies in this Plan, or the Confirmation Order, and any other matters as may be necessary to carry out the purposes and effects of this Plan.

9.5.　　Revocation or Withdrawal of this Plan.  The Debtor reserves the right to revoke or withdraw this Plan at any time prior to the Confirmation Date. In such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other Person or to prejudice in any manner the rights of the Debtor or any Person in any further proceedings involving the Debtor.

## ARTICLE X
## RETENTION OF JURISDICTION AND CLAIMS

10.1.    Jurisdiction of Bankruptcy Court.    Following the Effective Date, and notwithstanding the entry of the Confirmation Order, the Bankruptcy Court (including, as appropriate, any District Court with jurisdiction over the Bankruptcy Court) shall retain jurisdiction of the Bankruptcy Case and all matters arising in, or related to, the Bankruptcy Case to the fullest extent permitted by law, including jurisdiction to:

10.1.1.  To hear and determine motions, applications, adversary proceedings, and contested matters pending or commenced after the Effective Date;

10.1.2.  To hear and determine objections (whether filed before or after the Effective Date) to, or requests for estimation of, any Claim, and to enter any order requiring the filing of proof of any Claim before a particular date;

10.1.3.  To ensure that distributions to holders of Allowed Claims are accomplished as provided in the Plan;

10.1.4.  To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, or vacated;

10.1.5.  To construe and to take any action to enforce this Plan and the Confirmation Order;

10.1.6.  To issue such orders as may be necessary for the implementation, execution and consummation of this Plan, including the enforcement of any discharge, release, and/or injunction in this Plan, and to hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of this Plan and the Confirmation Order;

10.1.7.  To hear and determine any applications to modify this Plan, to cure any defect or omission or to reconcile any inconsistency in this Plan, the Disclosure Statement or in any order of the Bankruptcy Court including, without limitation, the Confirmation Order;

10.1.8.  To hear and determine all applications for Administrative Claims;

10.1.9.  To hear and determine other issues presented or arising under this Plan, including disputes among holders of Claims or Equity Interests, and arising under agreements, documents or instruments executed in connection with this Plan;

10.1.10.  To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

10.1.11.    To hear and determine any other matters related hereto and not inconsistent with Chapter 11 of the Bankruptcy Code;

10.1.12   To hear, authorize, and order the sale, free and clear of liens, claims, interests, and encumbrances, of any property, in the event the Liquidating Debtor finds it necessary or appropriate to seek an order authorizing the same.

10.1.13.   To enter the Final Decree upon proper request;

10.1.14.   To command and enjoin any Creditor or Person to comply with the transfer and vesting of property of the Liquidating Debtor and the Estate free and clear of liens, claims, interests, and encumbrances, as provided for in this Plan, and to command any Creditor or Person to release any lien or security interest required to be released or released by this Plan, or to order that any other Person may due to the same with the same full force and effect;

10.1.15.   To hear and determine any action concerning the recovery and liquidation of assets, wherever located, including without limitation litigation to liquidate and recover assets that consist of claims, rights and causes of action against third parties and actions seeking declaratory relief with respect to issues relating to or affecting assets; and to hear and determine any action concerning the determination of taxes, tax refunds, tax attributes, and tax benefits and similar or related matters with respect to the Liquidating Debtor, or the Estate, including, without limitation, matters concerning federal, state, local and other taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code.

10.2.   <u>Failure of Bankruptcy Court to Exercise Jurisdiction</u>.   If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction, or is otherwise without jurisdiction, over any matter arising under, arising in or related to the Bankruptcy Case, including with respect to the matters set forth above in Plan, this Article shall not prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such subject matter.

10.3.   <u>No Creation of Jurisdiction</u>.   This Plan does not create jurisdiction in the Bankruptcy Court but only retains the Bankruptcy Court's jurisdiction as it otherwise exists.  For the avoidance of doubt, where the Bankruptcy Court has no jurisdiction, or has lost jurisdiction through abstention, remand, or withdrawal of the reference, this Plan does not purport to create or reinstate said jurisdiction; *provided, however*, that this Plan, while not creating or reinstating such jurisdiction, does not prejudice or limit the ability of the Bankruptcy Court to otherwise exercise such jurisdiction as may otherwise be conferred or reinstated.

10.4.   <u>Retention and Preservation of General Rights</u>.   Notwithstanding the confirmation of the Plan and the entry of the Confirmation Order, and notwithstanding any principle of *res judicata* or otherwise, and unless specifically and explicitly released, waived, compromised, or otherwise treated in this Plan, the Liquidating Debtor and the Estate retain any and all rights, property, and interests, regardless of whether they are scheduled, filed, or asserted prior to the Confirmation Hearing, including, without limitation, all: (i) defenses to Claims; (ii) affirmative defenses to Claims; (iii) setoffs and recoupments against any Claim, Creditor, or other person; (iv) rights to turnover, accounting contribution, indemnification, or reimbursement against any Creditor or other person; (v) rights under any loan document modified by this Plan, but only as so modified; (vi) rights to any tax refund; (vii) Avoidance Actions; and (viii) claims and causes

of action against any Creditor or person whatsoever, including for affirmative relief and to reduce any liability.

10.5    Retention and Preservation of Specific Rights.  Without limiting the effectiveness or generality of the foregoing, and out of an abundance of caution, the Debtor and the Estate specifically reserve and retain the following claims and causes of action, to be transferred to the Liquidating Trust as otherwise provided for in this Plan:

(i)    All claims made and all potential claims that may be made by the Debtor against any present, former, or future insurance carrier or provider or policy;

(ii)    claims, causes of action, lawsuits, and litigation commenced by the Debtor at any time prior to the Confirmation Hearing, whether in the Bankruptcy Court or otherwise;

(iii)    all rights against any holder of Claims for taxes, whether for past, present, or future taxes, including any right for purposes of future valuations, assessments, and taxes, arising under or related to section 505 of the Bankruptcy Code.

(iv)    All claims involving the recovery of any security deposit, proceeds of any letter of credit, or similar form of security, including (but not limited to) recovery of proceeds of letter(s) of credit issued for the benefit of Wood County, Wisconsin, or similar governmental bodies regarding the reclamation of permitted mining sites.

## ARTICLE XI
## MISCELLANEOUS PROVISIONS

11.1.    Payment of Statutory Fees.  All fees payable pursuant to section 1930 of Title 28 of the United States Code arising prior to the Effective Date, shall be timely paid by the Debtor or by the Liquidating Trust, subject to the rights of the Debtor and Liquidating Trust to contest the same.

11.2.    Exercise of Liens.  Any lien preserved in this Plan shall, when permitted to be exercised by this Plan and applicable law, be exercised, enforced, and foreclosed in full and strict conformity with all applicable non-bankruptcy law and agreements, except to the extent specifically modified or preempted in this Plan.

11.3.    No Admissions.  Except as expressly provided by Section 5.9 of this Plan, nothing contained in this Plan shall be deemed an admission by the Debtor with respect to on the validity, amount or priority of any Claim or the propriety of any classification of any Claim.

11.4.    Plan Controls.  N/A.

11.5.    Governing Law.  Except to the extent the Bankruptcy Code, the Bankruptcy Rules or other federal or state laws are applicable, or any prepetition contract provides for the

application of the law of a different state, the laws of the State of Texas shall govern the construction, implementation and enforcement of this Plan and all rights and obligations arising under this Plan, without giving effect to the principles of conflicts of law.

11.6.  Substantial Consummation of Plan.  The Plan shall be deemed to be substantially consummated upon the date of Substantial Consummation.

11.7.  Successors and Assigns.  The rights, benefits and obligations of any Person named or referred to in this Plan will be binding upon, and will inure to the benefit of, the heir, executor, administrator, representative, successor, or assign of such Person.

11.8.  Severability.  Should the Bankruptcy Court determine, on or prior to the Confirmation Date, that any provision of this Plan is either illegal or unenforceable on its face or illegal or unenforceable as applied to any Claim or Person, the Debtor may, in its discretion, alter, delete, or modify such provision to make it valid and enforceable to the maximum extent practicable consistent with the original purpose of such provision.  Notwithstanding any such determination, interpretation, or alteration, the remainder of the terms and provisions of this Plan shall remain in full force and effect, provided that the Bankruptcy Court otherwise confirms the Plan.

11.9.  Notices and Distributions.  On and after the Effective Date, all notices, requests and distributions to a holder of a Claim shall be sent to the last known address of: (i) the holder or its attorney of record as reflected in the holder's proof of Claim or Administrative Claim filed by or on behalf of such holder; or (ii) if there is no such evidence of a last known address, to the last known address of the holder according to the books and records of the Debtor.  Any holder of a Claim may designate another address for the purposes of this section by providing the Liquidating Debtor written notice of such address, which notice will be effective upon receipt by the Liquidating Debtor as otherwise appropriate.

11.10.  Unclaimed Property.  If any property to be distributed on account of this Plan remains unclaimed for a period of one (1) year after it has been delivered (or delivery has been attempted) or has otherwise been made available, such unclaimed property shall be forfeited by the Person entitled to receive the property and the unclaimed property and the right to receive it shall revert to and vest in the Liquidating Debtor.

11.11.  Binding Effect.  The Plan shall be binding on and inure to the benefit of the holders of Claims and Equity Interests (whether or not they have accepted the Plan) and their respective personal representatives, successors and assigns as provided for by the Bankruptcy Code.

11.12.  Withholding and Reporting.  In connection with this Plan and all instruments issued in connection therewith and distributions thereon, the Liquidating Debtor shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority and all distributions hereunder shall, to the extent applicable, be subject to any such withholding and reporting requirements.  Notwithstanding anything herein to the contrary, in calculating and making the payments due to Allowed Claims hereunder, the Liquidating Debtor shall be authorized, but not required, to deduct from such payments any necessary withholding amount.

11.13. <u>Other Documents and Actions</u>. The Liquidating Debtor, and any Creditor, may execute such documents and take such other action as is reasonable, necessary, or appropriate to effectuate the transactions provided for in this Plan, *provided, however,* that no such document or action shall prejudice the right or any Person under this Plan except by agreement between the Liquidating Debtor and such Person.

**ARTICLE XII**
**<u>CONFIRMATION REQUEST</u>**

The Debtor hereby requests confirmation of this Plan pursuant to section 1129(a) of the Bankruptcy.

**DATED: MAY 26, 2019.**

**THE DEBTOR:**

By:      /s/ Kent Van Houten
         Kent Van Houten
         Chief Restructuring Officer

Respectfully submitted,

 /s/ Mark H. Ralston
Mark H. Ralston
State Bar No. 16489460
Fishman Jackson Ronquillo PLLC
Three Galleria Tower
13155 Noel Road, Suite 700
Dallas, TX 75240
Telephone: (972) 419-5544
Facsimile: (972) 419-5501
E-mail: mralston@fjrpllc.com

COUNSEL FOR COMPLETION
INDUSTRIAL MINERALS, LLC, DEBTOR